LeRoy RICHMOND, #73353, Petitioner,

v.

DISTRICT COURT OF OKLAHOMA COUNTY, Oklahoma, Respondent.

No. A–14213.

Court of Criminal Appeals of Oklahoma.

April 5, 1967.

LeRoy Richmond, pro se.

G. T. Blankenship, Atty. Gen., for respondent.

BUSSEY, Judge.

LeRoy Richmond was charged in the District Court of Oklahoma County with the crime of Robbery by Force, After Former Conviction of a Felony. His petition for writ of mandamus does not state whether he was tried by a jury or pled guilty, but he does state that he was sentenced to serve forty (40) years in the State Penitentiary at McAlester, on or about the 15th day of February, 1966, and that he was represented at that time by an attorney of his own choice. Petitioner does not allege that he was denied any right relating to an appeal entitling him to a post conviction review.

The petition for casemade at public expense in District Court Case No. 29928, was filed in this Court on the 24th day of February, 1967. On the record before us, it appears that the petitioner never requested a casemade in the District Court of Oklahoma County within the time in which an appeal could have originally been lodged and further that he has delayed seeking an order of this Court directing the preparation of said casemade for more than a year after the rendition of judgment and sentence against him.

In Hill v. State, Okl.Cr., 373 P.2d 83, in the Syllabus by the Court, it is stated:

"1. Title 22, O.S.A. § 1054, providing that an appeal in a felony case must be taken within six (6) months after judgment, is mandatory, and the Court of Criminal Appeals cannot entertain an appeal not perfected within such time.

2. An application for writ of mandamus requiring a District Court to furnish a casemade where judgment and sentence in a felony case was entered more than six (6) months prior to filing of such application will be denied.

3. Court of Criminal Appeals will not issue order directing that casemade or transcript be prepared at expense of county where the application for such casemade or transcript is filed after the expiration of the time in which an appeal may be taken."

In accordance with Hill v. State, supra, and cases cited therein, the writ prayed for is denied. Writ of mandamus denied.

NIX, P. J., and BRETT, J., concur.